**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cameron Bode,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Travelers Property Casualty Insurance Company,<br><br>　　　　　Defendant. | No. CV-22-01847-PHX-DWL<br><br>**ORDER** |

Pending before the Court is Defendant's motion to stay this action pending the Arizona Supreme Court's disposition of a request to accept and decide the certified questions proposed in *Franklin v. CSAA Gen. Ins. Co.*, No. 2:22-cv-00540-JJT. (Doc. 10.) Plaintiff opposes the motion (Doc. 12), in part based on the arguments made in his motion for preliminary injunction (Doc. 13), which Plaintiff subsequently withdrew (Doc. 16) after Defendant's response emphatically represented "that [Defendant] does not and will not engage in the practice Plaintiff seeks to enjoin." (Doc. 15 at 4.)

Those issues having been taken off the table, Plaintiff's primary argument in opposing Defendant's stay request is that, although a stay might be appropriate where a certified question has already been accepted by the Arizona Supreme Court, a stay while the Arizona Supreme Court is deciding whether to accept a certified question is inappropriate. (Doc. 12 at 8-11.) This distinction is unavailing, as the same rationale for staying a case while waiting for the Arizona Supreme Court's ultimate decision on a certified question applies to the preliminary decision whether to accept the certified

question. *See, e.g.*, *Affiliated FM Ins. Co. v. LTK Consulting Servs. Inc.*, 556 F.3d 920, 923 (9th Cir. 2009) ("Further proceedings in our court on the certified question are stayed pending the Washington State Supreme Court's decision whether it will accept review, and if so, receipt of the answer to the certified question."). Nor is the Court persuaded by Plaintiff's contention that "issuing a stay in the case certifying the legal questions is completely different than issuing a stay in a case where *another court* issued a certification order." (Doc. 12 at 10.) Where, as here, the proposed certified question is likely to have the same clarifying effect in both cases, it is irrelevant which district court made the certification request. Indeed, as noted in Defendant's motion (Doc, 10 at 1), an array of cases in the District of Arizona raising similar issues have been stayed pending the resolution of the certification request in *Franklin*.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 428 (1936). When determining whether to issue a *Landis* stay, courts must weigh "competing interests," which include "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and question of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). *See also Percy v. United States*, 2016 WL 7187129, *2 (D. Ariz. 2016). "If there is even a fair possibility that the stay will work damage to someone else, the party seeking the stay must make out a clear case of hardship or inequity." *Percy*, 2014 WL 7187129 at *2. The Ninth Circuit has "sustained, or authorized in principle, *Landis* stays" where a plaintiff seeks only monetary damages, where "resolution [of one issue] had the potential to advance significantly the resolution of [another]," and where some, but not all claims, were subject to mandatory arbitration. *Lockyer*, 398 F.3d at 1110-11.

When assessing the competing interests at stake, the Court first must evaluate "the

possible damage which may result from the granting of a stay." *Lockyer*, 398 F.3d at 1110 (quotation omitted).  Here, the only possible damage asserted by Plaintiff (Doc. 12 at 6-7) appears to be a resolved issue.  (Doc. 16.)  The other *Landis* interests favor granting a stay.  As Defendant correctly notes, "[a] stay would serve the orderly course of justice and prevent any hardship to the parties from proceeding with discovery without the benefit of any potential guidance from the Arizona Supreme Court."  (Doc. 10 at 4.)  This is because "Plaintiff's central liability theory . . . falls squarely within the certified questions presented in [*Franklin*].  A decision by the Arizona Supreme Court on the certified questions in that case could well dispose of Plaintiff's entire liability theory, or at least narrow it."  (*Id.* at 5.)

Accordingly,

**IT IS ORDERED** that:

(1)     Defendant's motion to stay proceedings (Doc. 10) is **granted**.

(2)     This action is stayed pending the Arizona Supreme Court's ultimate disposition on the district court's request to accept and decide the certified questions proposed in *Franklin v. CSAA Gen. Ins. Co.*, No. 2:22-cv-00540-JJT.

(3)     The parties must file a joint notice of decision within 10 days of the Arizona Supreme Court's decision.

Dated this 16th day of December, 2022.

Dominic W. Lanza
United States District Judge